IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| PATRICIA ANNE MOORE, ) | Case No. 11-49547-399 |
| ) | |
| ) | Chapter 13 |
| Debtor, ) | |
| ) | |
| PATRICIA ANNE MOORE, ) | |
| ) | |
| Movant, ) | |
| vs. ) | Re. Doc. 67 |
| ) | |
| J&M SECURITIES, LLC, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The issue before me is whether, and to what extent, the judicial lien of J&M Securities, LLC ("J&M") impairs the exemption of Patricia Anne Moore ("Moore") in her residence. The essential facts of this case are not in controversy. Upon careful consideration and based on the record and arguments made at the hearing, I make the following findings of fact and conclusions of law.

## BACKGROUND

On September 6, 2011, Moore filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). A month later, Moore's bankruptcy case was converted to a case under Chapter 13.

J&M is the holder of a state court judgment against Moore, and a holds a lien against Moore's home commonly known as 2470 Whitshire Drive, St. Louis, Mo 63129 (the "Property"). Moore and J&M agree that Moore holds only a one half ownership interest in the Property. She owns the Property with her brother and his wife, who together hold one half of the property. Moore occupies the Property as her homestead; as the other two owners of the Property do not occupy or claim it as their homestead.

1

On March 9, 2005, a judgment entered against Moore in the Circuit Court of St. Louis County. The judgment was transcribed on June 7, 2006, effecting a lien upon the Property. J&M obtained the judgment by assignment. The parties agree for the purposes of Moore's §522(f) motion, that as of the petition date, the amount of the judgment and, therefore, the judgment lien, was $72,770.73, and that the value of the Property as of the petition date was $143,000.00. There is no dispute that Anheuser-Busch Employees' Credit Union ("ABECU") holds a consensual lien against the Property in the amount of $108,603.00. J&M's judicial lien is senior to the lien of ABECU.

On Schedule C in her Chapter 7 case and in her Chapter 13 case, Moore claimed a homestead exemption of $15,000.00 in the Property pursuant to MO. REV. STAT. §513.475. J&M objected to Moore's claim of a homestead exemption in her Chapter 7 case, but it did not file an objection to Moore's claim of an exemption on her Chapter 13 Schedule C. Moore's Chapter 13 plan was confirmed, meaning that her plan met the best interest of creditors test under Bankruptcy Code §1325(a)(4).

Moore filed a motion seeking to avoid the judicial lien of J&M in its entirety. J&M filed a response to Moore's motion, asking that the relief requested in the motion be denied. ABECU filed a response in support of the motion. Moore, J&M and ABECU appeared before me for a hearing, at which time I established a deadline for the parties to submit briefs. Moore, J&M and ABECU each filed a brief.

## DISCUSSION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b), 157(b)(2)(K) and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

J&M made several arguments regarding why it believes Moore cannot avoid its lien under §522(f).[1] I hold that Moore is entitled to avoid $70,572.23 of J&M's $72,770.73 lien, leaving J&M a lien in the amount of $2,198.50 on Moore's Property.

---

[1] In addition to the arguments addressed in this Memorandum Opinion, J&M argues that: Moore's homestead exemption is "ineffective against J&M's lien" because, "under Missouri law, a debtor's homestead exemption is statutorily subject to any pre-existing debts, as was the case with the J&M debt," and that Moore's "homestead exemption, if any there be, is self-executing and automatically in place without the necessity of [Moore] making a claim therefor, thus making the application of [§]522(f) unnecessary." These arguments are not persuasive.

2

**A.      11 U.S.C. § 522(f)**

Section 522(f) of the Bankruptcy Code provides, in pertinent part, that:

> (1) . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . , if such lien is -
> (A) a judicial lien . . .
> (2)(A)  For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. §522(f).

As a part of the 1994 amendments to the Bankruptcy Code, "[§522(f)] was enacted to permit the avoidance of judicial liens that can interfere with the debtor's post-petition fresh start."  *Kolich v. Antioch Laurel Veterinary Hospital Inc., P.C.*, 328 F.3d 406, 410 (8th Cir. 2003).  As the Eighth Circuit Court of Appeals stated in *Kolich*,

> Congress intended to treat consensual lienholders more favorably [than other lienholders], because their contractual relationships with the bankruptcy debtor typically allow the debtor to acquire equity in the exempt property by making post-petition mortgage payments.  The 1994 amendment creating a statutory formula here at issue was expressly aimed at overruling prior judicial decisions compromising that intent.

*Kolich*, 328 F.3d at 410 (citing H.R.Rep, No. 103-835, at 52-54 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3361-63, *Holland v. Star Bank, N.A. (In re Holland*), 151 F.3d 547, 549-51 (6th Cir. 1998)).

**B.      11 U.S.C. § 522(f) applies regardless of whether Moore has equity in the Property**

According to J&M, Moore cannot avoid its lien under §522(f) because she has no equity in the Property over the amount of ABECU's lien since "$108,603 of ABECU mortgage applies to Patricia Moore's $71,500 real property interest."  J&M maintains that, therefore,

3

Moore has no exemption to preserve.

Whether Moore has equity in the Property is irrelevant to the determination of whether she can avoid J&M's lien under §522(f). In *Kolich*, the debtors were entitled to avoid a judicial lien where consensual liens were greater than the value of the property. *Kolich v. Antioch Laurel Veterinary Hospital Inc., P.C.*, 328 F.3d 406, 410 (8th Cir. 2003). As the Bankruptcy Appellate Panel stated in its *Kolich* opinion, "[t]he bankruptcy court was correct when it determined that Debtors were entitled to lien avoidance even though they had no equity in the property." *Kolich v. Antioch Laurel Veterinary Hospital Inc., P.C.*, 273 B.R. 199, 202 (B.A.P. 8th Cir. 2002), *aff'd* 328 F.3d 406 (8th Cir. 2003). The legislative history of §522(f)(2)(A) "makes clear that the [1994] amendments [to the Bankruptcy Code] were intended to overrule several cases which reached the opposite result." *Id.* at 204 (citing H.R. REP. NO. 835, 103d Cong., 2d Sess. 45 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3354) (additional citation omitted)).

### C. Calculation of impairment

Application of the statutory formula for avoiding a judicial lien, (after accepting certain stipulations as discussed below), results in avoidance of $70,572.23 of J&M's $72,770.73 lien. The formula requires calculation of:

- J&M's judicial lien; plus
- The lien of ABECU, which constitutes "all other liens on the property;" plus
- Moore's exemption as "the amount of any exemption that [Moore] could claim if their were no liens on the [P]roperty;" minus
- Moore's interest in the Property, representing "the value that the debtor's interest in the property would have in the absence of any liens."

The resulting number signifies the extent of impairment of Moore's exemption.

### (1) The lien (the judicial lien of J&M)

The parties agree that the amount of J&M's judicial lien is $72,779.73.

### (2) All other liens on the Property

J&M maintains that ABECU's lien is junior to the lien of J&M and, therefore, ABECU's lien should not be included in the §522(f)(2)(A)(ii) calculation. In *Kolich,* the Eighth Circuit

applied the plain language of §522(f)(2)(A)(ii) and included a junior consensual lien in the statutory calculation, allowing the debtors to avoid a senior judicial lien. 328 F.3d 406. As rationale for its argument that ABECU's lien should not be included in the §522(f)(2)(A) analysis, J&M criticizes the Eighth Circuit's holding in *Kolich* and argues that "there is absolutely no evidence in the legislative history to the 1994 Amendments that Congress intended to abrogate long-standing state lien priority laws." I am bound by the Eighth Circuit's *Kolich* decision.

Moore and J&M urge me to include only one half of the lien amount due ABECU since Moore only owns one half of the Property. One half of ABECU's consensual lien is $54,301.50.[2] Because Moore and J&M agree that half of ABECU's lien should be used in the §522(f)(2)(A)(ii) equation, I use only half of ABECU's lien in my analysis and I do not analyze whether I should use the full amount (rather than a fractional share) of a joint consensual or other lien in future cases where a debtor holds a fractional interest in property, but the lien applies to the entire property.[3]

The amount of "all other liens on the [P]roperty" is $54,301.50.

**(3)     The amount of the exemption that Moore could claim if there were no liens on the Property**

The amount of Moore's exemption in the Property for the purposes of the §522(f)(2)(A)(iii) calculation is $15,000.00. Missouri has opted out of the federal exemption scheme. MO.REV.STAT. §513.427. The relevant exemption statute here, MO. REV. STAT. §513.475.1, provides, that:

---

[2] Some courts that adopt the position that the amount of the consensual lien in the formula should be modified to comport with the amount of the debtor's interest in the property use the following calculation: deduct the entire amount of the consensual lien from the entire value of the property, resulting in a an equity figure for the property. The joint equity is allocated to the the debtor in accordance with his interest in the property (i.e. half of the joint equity is allocated to a debtor that owns a half interest in property). The debtor's exemption is deducted from his portion of the equity. If the resulting amount is a positive number, that is the extent to which the lien is unavoidable. The calculation that I use in this case, following the order of the statutory formula but allocating only one half of the consensual lien to Moore, reaches the same result.

[3] In its analysis of the separate issue of whether the term "all other liens" in §522(f)(2)(A)(ii) should be construed literally to include a junior consensual lien in the property, the Eighth Circuit stated that "[w]hen a debtor has only a fifty percent interest in exempt property. . . but one or more of the outstanding liens apply to the entire property, the statutory formula produces an unreasonably high impairment that has the effect of *creating* additional equity for the debtor at the expense of the lienholder whose lien is thereby avoided." *Kolich*, 328 F.3d at 409.

5

> The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of fifteen thousand dollars, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution. The exemption allowed under this section shall not be allowed for more than one owner of any homestead if one owner claims the entire amount allowed under this subsection; but, if more than one owner of any homestead claims an exemption under this section, the exemption allowed to each of such owners shall not exceed, in the aggregate, the total exemption allowed under this subsection as to any one homestead.

MO. REV. STAT. §513.475.1 "If the property is owned by more than one owner, a single owner can claim the entire amount." *Abernathy v. LaBarge (In re Abernathy),* 19 Fed. Appx. 460 (8th Cir. 2001) (per curiam) (quoting *Van Der Heide v. LaBarge (In re Van Der Heide)*, 164 F.3d 1183, 1186 (8th Cir. 1999)). "The only limit to this is that if more than one owner claims an exemption in the same homestead, their total claimed exemption cannot exceed [$15,000.00] in the aggregate." *Abernathy v. LaBarge (In re Abernathy)*, 259 B.R. 330, 333 (B.A.P. 8th Cir. 2001), *aff'd* 19 Fed. Appx. 460 (8th Cir. 2001) (per curiam).

J&M and Moore agree that Moore's brother and sister-in-law (who own the one half interest in the Property that Moore does not own) do not reside on the Property. Nothing in the record suggests that the other two owners of the Property would claim it as their homestead. Because Moore is the only owner using the Property as her homestead and, therefore, the only party claiming an exemption in it, she may claim the full $15,000.00 amount. *Abernathy*, 259 B.R. at 333 (debtor entitled to claim full exemption where there was "no suggestion that one of the other joint tenants has claimed or is claiming an exemption in this property. . . ").

J&M maintains that Moore is entitled to an exemption of only $7,500.00 (if she is entitled to an exemption at all) in the §522(f)(2)(A)(iii) calculation. According to J&M, Moore is entitled to only half of the Missouri homestead exemption because she has held herself out as being married and living on the Property with her spouse and, therefore, she should be estopped from denying that she is married.[4]

Although not specifically stated by J&M, J&M appears to argue for application to this case of the Eighth Circuit's decision in *Van Der Heide v. LaBarge (In re Van Der Heide),* 164

---

[4] I do not decide whether Moore is married.

6

F.3d 1183 (8th Cir. 1999).  In *Van Der Heide*, the Eighth Circuit created an exception to §513.475.1 and allowed the debtor to claim only one half of the Missouri homestead exemption in real property the debtor held in a tenancy by the entireties with a spouse who was not a debtor in bankruptcy.  *Id.*  The Bankruptcy Appellate Panel in *Abernathy* (as affirmed by the Eighth Circuit), acknowledged that "the *Van Der Heide* decision does create an exception to §513.475.1 under certain particular circumstances in the bankruptcy context."  259 B.R. at 337.  The court then stated that "the [*Van Der Heide*] decision is limited to cases in which one spouse files for bankruptcy relief and seeks to use [the Eighth Circuit's decision in *Garner v. Strauss (In re Garner),* 952 F.2d 232, 234 (8th Cir. 1991)] to protect the non-filing spouse's share of *entireties property* from joint creditors."  *Id.* (emphasis added).  There is no evidence that Moore and the person J&M identifies as Moore's husband own the Property as tenants by the entireties.  In fact, J&M stated that Moore owns half of the Property as a tenant in common, and it admitted the person it alleged to be Moore's husband "has no ownership interest in the Property."  The plain language of §513.475.1 applies here and the full amount of the Missouri homestead exemption, $15,000.00, is used in the §522(f)(2)(A)(iii) calculation.

During Moore's Chapter 7 case, J&M objected to Moore's claimed homestead exemption in its entirety on the basis that there is no equity in the Property, and to the amount of the exemption, stating Moore's exemption is limited to $7,500.00 based on the claim that Moore is married and living with her spouse on the Property.  J&M attempts to incorporate into its arguments in this matter the arguments made in its objection to Moore's claimed exemption.  I have already explained why J&M's arguments lack merit in the §522(f) context.[5]

The "amount of the exemption that [Moore] could claim if there were no liens on the [P]roperty" is $15,000.00.

---

[5] In the context of J&M's challenge to Moore's claim of an exemption for purposes other than §522(f), I note that J&M did not object to the exemption claimed in Moore's Chapter 13 case and that regardless, J&M's objections to Moore's homestead exemption became moot when Moore's Chapter 13 plan was confirmed in February 2012.  In a Chapter 13 case, the purpose of exemption is to show whether creditors would receive a greater distribution under Chapter 7 or Chapter 13 and to allow creditors to decide whether to accept the Chapter 13 plan.  *The Security Bank of Marshalltown, IA v. Neiman,* 1 F.3d 687, 690, n.5 (8th Cir. 1993) (citing *In re Lindberg*, 735 F.2d 1087, 1089 (8th Cir. 1984), *overruled by statute on other grounds* as stated in *Alexander v. Jensen-Carter (In re Alexander)*, 236 F.3d 431 (8th Cir. 2001).

7

### (4) Minus value that Moore's interest in the Property would have in the absence of any liens

Moore and J&M agree (and ABECU does not contest) that Moore holds a one half interest in the Property, that the value of the Property was $143,000.00 on the petition date, and that $71,500.00 should be used as Moore's interest in the Property under §522(f)(2)(A).

### (5) Extent of the impairment

J&M's lien impairs the Debtor's exemption in the amount of $70,572.23, calculated as follows:

| | |
|---|---|
| "the lien" (J&M's judicial lien) | $72,770.73 |
| "all other liens on the [P]roperty" (half of the ABECU lien) | $54,301.50 |
| "the amount of any exemption that [Moore] could claim if there were no liens on the [P]roperty" (homestead exemption) | $15,000.00 |
| | $142,072.23 |
| "the value of [Moore's] interest in the [P]roperty would have in the absence of any liens. | — $71,500.00 |
| Extent of impairment | $70,572.23 |

## CONCLUSION

Moore may avoid $70,572.23 of J&M's judicial lien, the extent to which the lien impairs Moore's homestead exemption. The judgment held by J&M shall continue to be a lien against Moore's Property only in the amount of $2,198.50. J&M's judicial lien shall be reinstated in its entirety upon dismissal of Moores' bankruptcy case.

DATED:  October 11, 2012

St. Louis, Missouri

_____
Barry S. Schermer
Chief United States Bankruptcy Judge

8

Copies to:

Steven C. Bain
12620 Lamplighter Square, Suite 121
St. Louis, MO 63128
Attorney for Patricia Anne Moore

Patricia Anne Moore
2470 Whitshire Dr.
Saint Louis, MO 63129

Jay R. Burns
Law Offices of Jay R. Burns
7777 Bonhomme, Suite 2250
St. Louis, MO 63105
Attorney for J&M Securities, LLC

Amy Tucker Ryan
Martin, Leigh, Laws & Fritzlen, P.C.
16305 Swingley Ridge Road, Suite 350
Chesterfield, MO 63107
Attorney for Anheuser-Busch Employees' Credit Union

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

U.S. Trustee
Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102